11033.  CHARITY HOSPITAL AND TRAINING SCHOOL FOR NURSES v.
TAYLOR *et al.*

JENKINS, P. J.  Where a plaintiff alleges that under a certain agreement moneys were to be solicited and collected by the defendants for the plaintiff's benefit and for a specified charitable purpose, which contributions were to be deposited as a special fund, subject to be withdrawn and expended only by joint check of plaintiff and defendants, the latter being further obligated to make reports to the plaintiff of their collections, and where the plaintiff further alleges that the defendants have failed and refused to make such reports, and have deposited the funds so collected in certain banks, subject to be withdrawn solely upon

their own check, whatever might be the equitable rights and remedies available to the plaintiffs under such a state of facts, they do not authorize the rendition of a general judgment in favor of the plaintiffs as against the defendants, for the recovery of the funds in question. The trial judge did not err in sustaining the general demurrer.

*Judgment affirmed.   Stephens and Smith, JJ., concur.*

DECIDED JULY 19, 1920.

Complaint; from city court of Savannah—Judge Freeman. October 1, 1919.

This is a suit by the Charity Hospital and Training School for Nurses, a corporation, against designated members of the unincorporated Federation of Negro Women's Clubs of Savannah. In the first paragraph of the petition it is alleged that the said federation, "on certain conditions," agreed to solicit, collect, and pay over to the plaintiff contributions to be expended in the erection of a new hospital building. In the second paragraph it is alleged that the "conditions" of this written agreement "authorized said federation to collect in its name said money or fund, expressly stipulating (and which said federation thoroughly understood and agreed to) that said money as collected should be deposited in bank to the credit of Charity Hospital Building Fund, and withdrawn by signature of president of board of trustees of Charity Hospital, jointly with that of treasurer of said federation, and that complete and full reports and statements, as canvass progressed, should from time to time be made to Charity Hospital by said federation." It is alleged that a certain named fund was, under such authority, collected by the defendants, but, contrary to the terms of said agreement, was deposited by the defendants in certain banks, not subject to joint check of the officials of said federation and of plaintiff, but subject to be withdrawn solely by the treasurer and president of said federation; that said federation has failed and refused on demand to deposit the money as provided for under the agreement, and to make the reports as therein provided for, but, on the contrary, gave notice by publication that no further subscriptions would be received, and in such notice requested that all donors call for and receive the return of the amounts actually paid in. Wherefore, plaintiff asks a judgment against the defendants in the sum of $2,000, representing the amount alleged to have been collected and to be thus held by said federation.

Defendants demurred generally and on the following special

grounds: (1) The petition fails to allege with sufficient particularity in what capacity defendants are being sued; (2) it fails to show that the agreement referred to was in writing; (3) it fails to show under what "conditions" defendants undertook to solicit, collect, and pay over the funds collected by them; (4) the agreement referred to is not attached to the petition; and (5) the purpose for which the fund was to be employed is not sufficiently set forth. The judge sustained the general demurrer and also special grounds 3 and 4, and overruled the other grounds.

*Hewlett & Farthing, A. L. Tucker,* for plaintiff.

*F. B. Pettie,* for defendants.